UNITED STATES *v.* TRINIDAD COAL & COKING Co.

*(Circuit Court, D. Colorado. January 10, 1889.)*

PUBLIC LANDS—RIGHT TO PURCHASE—PRIOR CONVEYANCE.

A purchase of coal lands from the United States, made by one authorized by law to buy such lands, for the benefit and at the expense of a corporation, under a previous agreement that the land should be conveyed to the corporation when the patent should issue, is legal, though the corporation could not by law have purchased the land, some of its members having already exercised their full rights to buy such public lands, as such previous contract is not prohibited under the statute relative to coal lands.

In Equity. On demurrer to bill.

Bill by the United States against the Trinidad Coal & Coking Company to set aside certain patents to coal lands.

*H. W. Hobson,* for complainant.

*Chas. E. Gast,* for defendant.

BREWER, J. The bill charges that defendant holds the title to six quarter sections of coal lands; that the entries were made and patents issued to six individuals, naming them, who immediately conveyed to the defendant. The purchase price and all expenses were paid by the defendant. It could not of itself purchase by reason of the fact that some of its members had exercised their full right to purchase. As it could not purchase directly, the contention is that it could not do indirectly that which it could not do directly, and that it could not through the instrumentality of these six individuals thus acquire title to these lands. There is nothing to show that these six individuals did not have the right to purchase; and the act of congress gives a right to purchase to persons possessing certain qualifications, upon the payment of a certain amount of money, the maximum being $20 per acre, which was paid in

this case. So that the parties who entered (the patentees) had the right to purchase, and the government has received full pay,—the highest fixed price for the lands it has conveyed. While it may be true as a general proposition that a party may not do indirectly what he cannot do directly, yet when a new factor enters into any transaction it is limited thereby. Now, the right to purchase existed in these six individuals. They exercised that right, and it has gone; because, once exercised, it ceases. That is a new factor which enters into this transaction. Again, this is not one of those entries of land in which the party must by the statute act in his own behalf alone, and file an affidavit that he is not doing so for the benefit of others. No such provision exists in respect to the purchase of coal lands. A party purchasing may contract before his purchase to sell, and that contract may be enforced; and I know no reason why he may not contract away his right to purchase, it being a valuable right given by congress, having some of the elements of property, and with no prohibition upon its sale. So that it amounts to this: that while the ultimate purchaser—the party who paid the money—is this defendant, which could not purchase directly, it is true that the government has obtained full price for the lands, and also true that the parties in whose names the purchase was made lost by their purchase this property right given by the act of congress. There is therefore a new factor in the transaction. Under these circumstances the government cannot claim that it has been defrauded or wronged by the purchase of these coal lands. The demurrer to the bill will be sustained.